IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | CRIMINAL NO. 6:13cr41 LED-JDL |
| | § | |
| ROBERT SCOTT THOMAS | § | |

## REPORT AND RECOMMENDATION OF
## UNITED STATES MAGISTRATE JUDGE

On June 16, 2014, the Court conducted a hearing to consider the government's petition to revoke the supervised release of Defendant. The government was represented by Jim Noble, Assistant United States Attorney for the Eastern District of Texas, and Defendant was represented by Ken Hawk.

On October 2, 2009, Defendant pled guilty before U.S. District Judge Sidney A. Fitzwater of the Northern District of Texas to the offense of Bank Robbery, a Class C felony. This offense carried a statutory maximum imprisonment term of twenty years. The United States Sentencing Guideline range, based on a total offense level of 20 and a criminal history category of I, was 33 to 41 months. Defendant was sentenced to 33 months of imprisonment, with two years of supervised release subject to the standard conditions of release, plus special conditions to include restitution, financial disclosure, and drug testing and treatment. Defendant completed the term of imprisonment and began his period of supervised release on August 19, 2011. On May 14, 2013, U.S. District Judge Leonard Davis of the Eastern District of Texas accepted jurisdiction of this case.

The terms of Defendant's supervised release required that he not commit another federal, state or local crime; report to the probation officer as directed by the Court or probation officer and submit a truthful and complete written report within the first five days of each month; refrain

from excessive use of alcohol and not to purchase, possess, use, distribute, or administer any narcotic or other controlled substance, or any paraphernalia related to such substances, except as prescribed by a physician; notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer; pay restitution in the amount of $2,870.00; and participate in a treatment program approved by the U.S. Probation Office to include substance abuse testing.  In its petition, the government alleges that Defendant violated the term of supervised release when he committed the offense of Unauthorized Use of a Vehicle and failed to report the same on August 17, 2012; failed to report to the U.S. Probation office on August 16, October 19, and December 13, 2012; failed to submit a monthly report after November 8, 2012; submitted a urine sample on February 22, 2012 that tested positive for morphine and submitted a urine sample on July 16, 2012 that tested positive for methadone, hydrocodone, and morphine;[1] failed to continue payments towards restitution beyond the $50.00 paid on January 26, 2012; and absconded from supervision following his failure to report for random urine testing on October 4 and 14, 2011; November 9, 2011; December 28, 2011; January 14, 23, and 27, 2012; February 16 and 25, 2012; June 5, 11, 15, 19, 23, and 28, 2012; July 5, 10, 18, 20, 24, and 27, 2012; August 2, 10, 15, 22, 24, and 30, 2012; and September 7, 11, 14, 20, and 26, 2012.

      Should the Court find by a preponderance of the evidence that the Defendant violated the conditions of supervision by committing the offense of Unauthorized Use of a Vehicle, he will be guilty of committing a Grade B violation. U.S.S.G. § 7B1.1(a).  Upon a finding of a Grade B violation, the Court shall revoke probation or supervised release. U.S.S.G. § 7B1.3(a)(1). Considering Defendant's criminal history category of I, the Guideline imprisonment range for a Grade B violation is four to ten months.

---

[1] Defendant contends he had a prescription for hydrocodone, but not for methadone or morphine.

Based on 5th Circuit case law, the Court can find that illicit drug use constitutes possession. Therefore, should the Court find by a preponderance of the evidence that Defendant violated the conditions of supervised release by possessing morphine or methadone, Defendant will be in violation of Texas Health and Safety Code § 481.118 and be guilty of committing a Grade C violation. Additionally, if the Court finds by a preponderance of the evidence that Defendant violated the conditions of supervision by failing to report for random drug testing, submitting positive urine specimens for morphine and methadone, failing to report to the U.S. Probation Office as directed, failing to submit monthly report forms, failing to make restitution payments, and failing to notify the U.S. Probation Office of an arrest within 72 hours, Defendant will be guilty of committing a Grade C violation. U.S.S.G. § 7B1.1(a). Upon a finding of a Grade C violation, the Court may revoke the term of supervision, extend the supervision, or modify conditions of supervision. U.S.S.G. § 7B1.3(a)(2). Considering Defendant's criminal history category of I, the Guideline imprisonment range for a Grade C violation is three to nine months.

At the June 16, 2014 hearing, Defendant pled true to the allegations above. The government recommended that Defendant be committed to the custody of the Bureau of Prisons for 6 months imprisonment with no supervised release to follow.

Pursuant to the Sentencing Reform Act of 1984, the Court **RECOMMENDS** that Defendant Robert Scott Thomas be committed to the custody of the Bureau of Prisons for 6 months imprisonment with no supervised release to follow. The Court further recommends incarceration at Victorville, California.

Defendant has waived his right to object to the findings of the Magistrate Judge in this matter so the Court will present this Report and Recommendation to U.S. District Judge Leonard Davis for adoption immediately upon issuance.

**So ORDERED and SIGNED this 20th day of June, 2014.**

_____
JOHN D. LOVE
UNITED STATES MAGISTRATE JUDGE